UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from State Street Corporation Pursuant to 28 U.S.C. § 1782 | Index No. _____<br><br>**Memorandum of Law in Support of *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782** |

## I. Introduction

Petitioners Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Traiding Ltd. (collectively, "Petitioners") hereby petition this Court pursuant to 28 U.S.C. § 1782 for assistance in connection with foreign legal proceedings.

Specifically, Petitioners seek an order authorizing them to issue a subpoena to State Street Corporation,[1] a nationally chartered bank maintaining its headquarters and principal place of business in this district and that serves as a manager for certain assets of the Republic of Kazakhstan ("ROK"), requesting documents and a deposition witness concerning the ROK's assets in the United Kingdom. Such discovery is sought in aid of proceedings that Petitioners have commenced against the ROK in London, England as well as additional enforcement proceedings in other member states of the European Union that are members of the Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention") (such states, "EU States") that are within

---

[1] Petitioners consider State Street Corporation to include "all subsidiaries, affiliates, branches, offices, agents, officers, and/or any person authorized or purporting to act on its behalf." *See* Appendix A.

reasonable contemplation. Accordingly, the subpoenas request documents and a deposition witness concerning the ROK's assets in the United Kingdom and other EU States.

## II. Factual Background

### a. The ECT Award and the UK Proceedings

On December 19, 2013, an arbitral tribunal seated in Stockholm, Sweden and convened under the Rules of the Stockholm Chamber of Commerce issued an award (the "ECT Award") in Petitioners' favor and against the ROK in the amount of $497,685,101.00, plus interest. The ECT Award was issued following an arbitration convened and conducted in accordance with the arbitration provisions of the Energy Charter Treaty ("ECT"). *See* Declaration of Sarah Y. Walker, dated February 23, 2015 ("Walker Decl."), ¶ 2; Ex. A. The ROK has not paid any part of the ECT Award. Walker Decl. ¶ 3.

As a result of the ROK's refusal to perform its treaty obligation to satisfy the ECT Award voluntarily, Petitioners have commenced judicial proceedings in the United Kingdom to enforce the ECT Award pursuant to the Convention for the Recognition and Enforcement of Foreign Arbitral Awards (June 10, 1958), 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"), and have obtained an enforcement order (the "Enforcement Order") permitting Petitioners to enforce the ECT Award in the United Kingdom in the same manner as a judgment. Walker Decl. ¶¶ 4, 6.

Specifically, on February 24, 2014, Petitioners filed a Claim Form and *ex parte* application in the High Court of Justice, Queen's Bench Division, Commercial Court (the "London Court," a court of competent jurisdiction of the United Kingdom), by which they sought recognition of the Award in the United Kingdom and the entry of judgment thereon (the "UK Proceedings"). Walker Decl. ¶ 5. On February 28, 2014, the London Court issued the

Enforcement Order granting Petitioners permission to enforce the ECT Award in the same manner as a court judgment. Walker Decl. ¶ 6; Ex. B. Petitioners have served the Enforcement Order on the ROK. *Id*.

In the event the ROK refuses to satisfy the ECT Award, Petitioners would be entitled under English law to attach and execute the ROK's assets in satisfaction of the ECT Award, and will seek such relief in the UK Proceedings if the ROK persists in its refusal to satisfy the ECT Award. Walker Decl. ¶ 7. Petitioners will also seek to commence additional enforcement proceedings in other EU States where Petitioners believe that the ROK may have assets. *See* Declaration of Charlene C. Sun, dated February 24, 2015 ("Sun Decl."), ¶ 2. The accompanying petition is designed to aid those efforts and render any further litigation more efficient by determining where the ROK maintains assets in the EU.

### b. ROK Assets

The ROK has formed and maintains several sovereign wealth funds. One of these funds is known as the National Fund. The National Fund was established pursuant to a decree of the president of the ROK dated August 23, 2000. *See* Sun Decl. ¶ 3; Ex. C. It is not a separate juridical or legal entity, but rather is defined by the decree as "an aggregate of financial assets, concentrated in the account of the Government of the [ROK] at the National Bank." *Id*. The National Bank of the Republic of Kazakhstan (the "National Bank"), the ROK's central bank, manages the National Fund as a trustee on behalf of the ROK and in strict accordance with a Trust Agreement. Sun Decl. ¶ 4; Ex. D. The National Bank holds no ownership interest in the assets comprising the National Fund. Sun Decl. ¶ 5; Exs. E, F. The National Fund is overseen by the Management Council of the National Fund of the Republic of Kazakhstan, which includes the President, Prime Minister, and other senior ROK government officials. Sun Decl. ¶ 6; Ex. G.

The National Bank's 2013 Annual Report ("Annual Report") stated that as of December 13, 2013, the National Fund's portfolio amounted to US$71.5 billion. Sun Decl. ¶ 7; Ex. H. ROK law provides that National Fund assets must be invested exclusively in foreign financial instruments denominated in foreign currency. Sun Decl. ¶ 9; Ex. E at 2. Publicly available information shows that a significant portion of the National Fund's assets consist of government-issued securities denominated in Euros and British Pounds. Sun Decl. ¶ 10; Ex. F at 24.

Documents published by the National Bank show that that one or more State Street entities manages or has managed assets of the National Fund. *See* Sun Decl. ¶ 8; Ex. I, at 18; Ex. K, at 2. State Street's management of National Fund assets is further corroborated by other publicly-available information. *See* Sun Decl. ¶ 8; Ex. E, at 2.

In connection with subpoenas served upon Bank of New York Mellon Corporation ("BNY Mellon") pursuant to an order of the U.S. District Court for the Southern District of New York permitting discovery from BNY Mellon in aid of the UK Proceedings in a related application, Petitioners have determined that the global custodian of the National Fund is a London branch of a Belgium-based BNY Mellon entity, The Bank of New York Mellon SA/NV. Sun Decl. ¶ 13. Because Petitioners believe that the ROK is likely to hold assets in other EU States, this petition seeks discovery concerning the ROK's assets not only in the United Kingdom, but also assets held in other EU States where additional enforcement actions are within reasonable contemplation and may be commenced. *See* Sun Decl. ¶¶ 2, 14.

### III. Argument

Petitioners are entitled to the discovery sought through this application. 28 U.S.C. § 1782 provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may

> order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal….The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Each of the statutory prerequisites for this Court to authorize the discovery sought herein is present. Petitioners are "interested persons" within the meaning of 28 U.S.C. § 1782 and are entitled to seek assistance thereunder. The discovery sought is for use in the UK Proceedings, which were duly commenced and constitute a "proceeding before a foreign or international tribunal." Furthermore, additional proceedings in the United Kingdom to determine the existence, ownership, and character of ROK assets in the United Kingdom, and ultimately to execute upon such assets, are reasonably contemplated,[2] as are enforcement proceedings in other EU States. Thus, any assistance given by this Court would be in aid of proceedings before a foreign or international tribunal. Finally, State Street Corporation resides and is found in this district.[3]

This Court should exercise its authority to grant the requested assistance because State Street Corporation is not a participant in the UK Proceedings. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (court may consider whether "the person from whom discovery is sought is a participant in the foreign proceeding" such that the foreign court could order disclosure when considering whether to grant assistance under Section 1782). The request does not seek to "circumvent foreign proof-gathering restrictions or other policies of a

---

[2] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258-59 (2004) ("Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings," but requires only that foreign proceedings "be within reasonable contemplation").

[3] *See* Sun Decl. ¶ 12; Ex. M.

5

foreign country or the United States." *Id*. at 264-65; Walker Decl. ¶ 9.  Furthermore, allowing Petitioners to obtain discovery concerning assets in the other EU States is likely to allow Petitioners to make knowledgeable decisions concerning the commencement of additional enforcement proceedings in the other EU States, and avoid the risk of wasteful litigation in which Petitioners commence enforcement actions in jurisdictions where no executable assets are present.

Granting the discovery sought hereby would also promote the strong public policy, enshrined in both U.S. and English law, favoring the enforcement of international arbitration awards and the expeditious resolution of international disputes.  *See, e.g., Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974); *see also* Walker Decl. ¶¶ 10-11.  Each member of the European Union is a signatory and member of the New York Convention, and thus the ECT Award is subject to recognition and enforcement in each of the other EU States.  The Court's grant of judicial assistance would permit Petitioners to appropriately target their enforcement efforts in the United Kingdom and other EU States, and promote the policies embodied in the New York Convention.  *See* Walker Decl. ¶ 8.

## IV. Conclusion

For the foregoing reasons, Petitioners respectfully request that the Court grant the Petition, authorize Petitioners to issue subpoenas to State Street Corporation in the form attached hereto as Appendix A, and authorize Petitioners to issue additional subpoenas for the production of documents and/or depositions of State Street as Petitioners reasonably deem appropriate and as are consistent with the Federal Rules of Civil Procedure.

Dated: February 25, 2015

        Respectfully submitted,

         _/s/ Kerrie C. Dent_____             .
        Kerrie C. Dent
        KING & SPALDING LLP
        1700 Pennsylvania Avenue, NW
        Suite 200
        Washington, DC 20006-4707
        Tel: (202) 626 2394
        Fax: (202) 626-3737
        kdent@kslaw.com

        James E. Berger (*pro hac vice* pending)
        Charlene C. Sun (*pro hac vice* pending)
        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, NY 10036-4003
        Tel: (212) 556-2200
        Fax: (212) 556 -2222
        jberger@kslaw.com
        csun@kslaw.com

        *Attorneys for Petitioners Anatolie Stati, Gabriel Stati, Ascom Group, S.A., Terra Raf Trans Traiding Ltd.*