UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from State Street Corporation Pursuant to 28 U.S.C. § 1782 | **Index No.** _____<br><br>**Declaration of Charlene C. Sun in support of *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782** |

I, Charlene C. Sun, declare as follows:

1. I am an attorney duly admitted to practice in New York, and a motion for admission to practice before this Court *pro hac vice* has been filed on my behalf. I am associated with the law firm of King & Spalding LLP, attorneys of record for Anatoli Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. (together, "Petitioners") in this matter. The facts set forth herein are personally known to me, and, if called as a witness, I could and would testify competently thereto.

2. Petitioners submit this application for assistance in aid of proceedings commenced in England for the purpose of recognizing and enforcing an arbitral award (the "ECT Award") rendered in their favor against the Republic of Kazakhstan ("ROK") in the amount of $497,685,101.00, plus interest. Should the ROK refuse to satisfy the ECT Award, Petitioners will also seek to commence additional enforcement proceedings in other EU States where Petitioners believe that the ROK may have assets.

3. The ROK has formed and maintains several sovereign wealth funds. One of these

funds is known as the National Fund. The National Fund was established pursuant to a decree of the President of the ROK dated August 23, 2000. A true and correct copy[1] of Presidential Decree No. 402, accessed at http://adilet.zan.kz/eng, is attached hereto as Exhibit C. According to that decree, the National Fund is not a separate juridical or legal entity, but rather is an aggregate of financial "assets, concentrated in the account of the Government of the [ROK] at the National Bank." *Id.* The National Bank of the Republic of Kazakhstan (the "National Bank") is the ROK's central bank.

4. According to the Resolution No. 655 of the Kazakhstan Government (2001), the National Bank manages the National Fund as a trustee on behalf of the ROK and in strict accordance with a Trust Agreement. A true and correct copy[2] of Resolution No. 655, obtained from Barrow's Company, is attached hereto as Exhibit D.

5. According to an article published in a Kazakh legal periodical titled "Юрист" ("Lawyer"), the National Bank holds no ownership interest in the assets comprising the National Fund. A true and correct copy of this article,[3] titled "The Legal Regime of the National Fund of the Republic of Kazakhstan," *available at* http://journal.zakon.kz/203567-pravovojj-rezhim-nacionalnogo-fonda.html, is attached here to as Exhibit E (relevant discussion at page 3). That fact is also corroborated by an article published by the University of Michigan titled "Sovereign Wealth Fund Issues and the National Fund of Kazakhstan," a true and correct copy of which is attached hereto as Exhibit F (explaining on page 20 that the National Fund is "essentially owned

---

[1] This decree originally appears in the Russian language and was informally translated into English using Google Translate.

[2] This decree originally appears in the Russian language and was informally translated into English using Google Translate.

[3] This article originally appears in the Russian language and was informally translated into English using Google Translate.

2

by the Ministry of Finance" and "managed by the National Bank of Kazakhstan").

6. Presidential Decree No. 1509 of December 28, 2004 provides that the National Fund is overseen by the Management Council of the National Fund of the Republic of Kazakhstan, which includes the President, Prime Minister, and other senior ROK political officials. A true and correct copy[4] of Presidential Decree No. 1509, accessed at http://adilet.zan.kz/eng, is attached hereto as Exhibit G.

7. The National Bank's 2013 Annual Report ("Annual Report") stated that as of December 13, 2013, the National Fund's portfolio amounted to US$71.5 billion. A true and correct copy of the Annual Report, retrieved from the National Bank's website, is attached hereto as Exhibit H.

8. Documents published by the National Bank show that one or more State Street entities manages or has managed assets of the National Fund. For example, a powerpoint presentation prepared by the National Bank in 2003, a true and correct copy of which is attached hereto as Exhibit I, lists "State Street Global Advisors" as one of several "external managers" of the National Fund's Global Fixed Income portfolio. *See* Ex. I at 18. Publicly available information, a true and correct copy of which is attached hereto as Exhibit J, shows that State Street Global Advisors, Inc. is a subsidiary of State Street Corporation. A press release issued by the National Bank in 2004, a true and correct copy of which is attached hereto as Exhibit K, also states that "[m]ore than half of USD3.8bln is under management of world's leading private financial institutions, like … State Street to ensure transparency and accountability of the process." *See* Ex. K, at 2. State Street's management of National Fund assets is further

---

[4] This decree originally appears in the Russian language and was informally translated into English using Google Translate.

corroborated by other publicly-available information. *See* Ex. E, at 2.

9. ROK law provides that National Fund assets must be invested exclusively in foreign financial instruments denominated in foreign currency. *See* Exhibit E at 2.

10. Publicly available information shows that a significant portion of the National Fund's assets consist of government-issued securities denominated in Euros and British Pounds. *See* Exhibit F at 24 (chart reflecting breakdown of Fund's government bond portfolio).

11. The National Investment Corporation of the National Bank of Kazakhstan ("NIC") is a joint-stock company wholly-owned by the National Bank. NIC's Charter, a true and correct copy of which was obtained from NIC's website and is attached hereto as Exhibit L, states that one of NIC's primary objectives is to manage the National Fund's assets. *See* Ex. L, ¶ 27.

12. State Street Corporation maintains its principal place of business in this district. Specifically, the Massachusetts Secretary of State's records show that its "principal office" is located at One Lincoln Street in Boston, Massachusetts. A true and correct copy of these records is attached hereto as Exhibit M.

13. In connection with subpoenas served upon Bank of New York Mellon Corporation pursuant to an order of the U.S. District Court for the Southern District of New York (No. 14-mc-425 (VSB)) issued pursuant to 28 U.S.C. § 1782, Petitioners have determined that the global custodian of the National Fund is a London branch of a Belgium-based BNY Mellon entity, The Bank of New York Mellon SA/NV.

14. Given that the National Fund is managed by banks located in multiple EU States, Petitioners believe that the ROK is likely to hold assets in other EU States. Accordingly, this

petition seeks discovery concerning the ROK's assets not only in the United Kingdom, but also assets held in other EU States where additional enforcement actions are within reasonable contemplation and may be commenced.

15. According to publicly available information, Samruk Kazyna is a joint stock company wholly-owned by the ROK's Ministry of Finance. *See* Exhibit F at 3. The assets held by Samruk Kazyna are estimated to be between 50% and 80% of Kazakhstan's gross domestic product (GDP), and revenues of the companies held by Samruk Kazyna are estimated at around 20% to 30% of GDP. *Id*.

16. Petitioners seek *ex parte* relief because, as this Court has held, applications for judicial assistance pursuant to 28 U.S.C. § 1782 are appropriately brought on an *ex parte* basis because the respondent may challenge the subpoena after it is served. *See In re Hanwha Azdel, Inc.*, 979 F. Supp. 2d 178, 180 (D. Mass. 2013) (citing *Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012) ("…[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3).").

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2015

_____
Charlene C. Sun