UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Application of Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. for an Order Directing Discovery from State Street Corporation Pursuant to 28 U.S.C. § 1782 | Civ. No. 15-mc-91059-LTS<br><br>**DECLARATION OF<br>PETER A. HARDY** |

I, Peter Alec Hardy, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner in the London office of the law firm Reed Smith LLP, counsel for the National Bank of the Republic of Kazakhstan ("National Bank") and State Street Corporation. I have personal knowledge of facts and circumstances set forth herein. I was admitted as a solicitor of the Supreme Court of England and Wales in 1983. I submit this declaration in support of the National Bank and State Street's motion to intervene and vacate the *ex parte* order issued pursuant to 28 U.S.C. § 1782, or to stay § 1782 discovery.

2. In February 2014, Petitioners Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. (collectively, "the Stati Parties") obtained permission to enforce an arbitration award (the "Award") they had obtained in Sweden against the Republic of Kazakhstan ("Kazakhstan") following an application in the High Court of Justice, Queen's Bench Division, Commercial Court in London (the "London Court"), captioned *Anatolie Stati et al. v. Republic of Kazakhstan*, CL-2014-000070.

3. On February 28, 2014, the London Court granted the Stati Parties' *ex-parte* application to enforce the Award.

4. On April 7, 2015, Kazakhstan filed an application to set aside the London Court's permission to enforce the Award, on various grounds including that there were procedural irregularities with the arbitration.

5. On or about August 27, 2015, Kazakhstan applied to amend its application to additionally argue that enforcement of the Award would contravene English public policy by reason of fraud. Judgment ¶ 6, *Stati, et al. v. The Republic of Kazakhstan*, Case No. CL-2014-000070, June 6, 2017 ("London Decision").

6. On June 6, 2017, the London Court granted Kazakhstan's application to amend its motion to include the fraud allegations. The London Court concluded that (paragraph 48) "there is the necessary strength of prima facie case that the alleged fraud would have made a difference to the Tribunal. And that, there was a fraud on the Tribunal." A copy of the London Decision is attached as **Exhibit A.**

7. I understand that an application by the Stati Parties for permission to appeal the June 6 decision has been filed and is pending.

8. A trial on the fraud allegations is scheduled to commence in 2018.

9. In light of the pending trial of the fraud allegations, Stati's application to enforce the Award is effectively stayed.

10. Following the London Court's June 2017 decision, Petitioners moved to confirm the Award in several other European jurisdictions.

11. Regardless of any orders made in another European jurisdiction, they would not be permitted to collect on Kazakhstan's assets held in England without confirming the Award in England as well.

- 3 -

## CERTIFICATE UNDER 28 U.S.C. § 1746

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 20, 2017
London, England

_____
Peter A. Hardy

## CERTIFICATE OF SERVICE

I, Stephen C. Reilly, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2017.

*/s/ Stephen C. Reilly*
Stephen C. Reilly
